**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4576**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRUCE CLARK GILLESPIE,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Timothy M. Cain, District Judge.  (8:16-cr-00297-TMC-1)

Submitted:  March 22, 2018                    Decided:  March 29, 2018

Before GREGORY, Chief Judge, and WYNN and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Jamie L. Schoen, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bruce Gillespie appeals from his conviction and 151-month sentence entered pursuant to his guilty plea to possession of methamphetamine with intent to distribute. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), averring that there are no meritorious issues for appeal but questioning whether Gillespie's sentence was properly enhanced for maintaining a premises for drug trafficking purposes and whether Gillespie's sentence was substantively reasonable. Neither the Government nor Gillespie has filed a brief. We affirm.

Counsel first argues that the district court erred in enhancing his sentence for "maintain[ing] a premises for the purpose of manufacturing or distributing a controlled substance . . . ." U.S. Sentencing Guidelines Manual § 2D1.1(b)(12) (2012). Specifically, counsel avers that the presentence report (PSR) only stated that two controlled buys took place in Gillespie's home and that these two sales alone were insufficient to support an enhancement. However, counsel concludes that any error would be harmless given the court's stated alternative sentence.

Section 2D1.1(b)(12) "applies to a defendant who knowingly maintains a premises . . . for the purpose of manufacturing or distributing a controlled substance, including storage of a controlled substance for the purpose of distribution." USSG § 2D1.1 cmt. n.17. The Guideline applies to buildings used for other purposes, so long as the drug activity was one of the "primary" purposes. *See United States v. Bell*, 766 F.3d 634, 638 (6th Cir. 2014) ("Living in a residence and cooking drugs in it can both be relevant purposes under the guideline. . . . [P]recedents under the guideline do not carve out

2

residences as safe havens from being drug-production premises."); *United States v. Sanchez*, 710 F.3d 724, 729 (7th Cir. 2013) ("[T]he enhancement clearly contemplates that premises can have more than one principal use. . . . [T]he proper inquiry is whether the drug transactions were a second primary use of the premises or were instead merely a collateral use."), *rev'd on other grounds,* 134 S. Ct. 146 (2013); *United States v. Miller*, 698 F.3d 699, 707 (8th Cir. 2012) (holding enhancement applies "when a defendant uses the premises for the purpose of substantial drug-trafficking activities, even if the premises was also her family home at the times in question").

We find that the district court did not err in concluding that one of the primary purposes of Gillespie's residence was drug storage, distribution, and manufacturing. As counsel correctly points out, the PSR does not explicitly specify that the bulk of the drug trafficking took place at the residence. However, the Government stated at sentencing that Gillespie's home was, indeed, the location of the trafficking. The probation officer also informed the court that Gillespie's drug transactions historically took place in his residence. Gillespie's counsel, in response, did not dispute the location of the transactions; instead, Gillespie argued that, because "in virtually every case" transactions occur out of the seller's home, such should not be the basis for an enhancement. Further, while counsel challenged the enhancement on the basis that the lab found on premises was not "active," counsel did not challenge the other basis for the enhancement, which was that the property was used to store and sell methamphetamine. Given the failure to dispute at sentencing that the bulk of Gillespie's drug transactions took place in his home and given that Gillespie distributed large quantities of methamphetamine over a period of

3

numerous months, stored drugs at his home, and had a lab on the premises,[*] the district court did not err in enhancing Gillespie's sentence under § 2D1.1(b)(12).

Counsel next argues that the district court substantively erred by failing to consider Gillespie's good works in the neighborhood and support of his neighbors and friends. We review the district court's sentence, "whether inside, just outside, or significantly outside the Guidelines range," under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). In conducting this review, we first ensure "that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [2012] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* at 51. "When rendering a sentence, the district court must make an individualized assessment based on the facts presented," applying the "relevant § 3553(a) factors to the specific circumstances of the case before it." *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted). The court must also "state in open court the particular reasons supporting its chosen sentence" and "set forth enough to satisfy" this court that it has "considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Id.* (internal quotation marks omitted).

---

[*] We recognize Gillespie's undisputed argument below that the lab was not active at the time of the execution of the search warrant. Nonetheless, the lab was still relevant as it contained products for the manufacture of methamphetamine.

If the sentence is free from procedural error, we then review it for substantive reasonableness. *Gall*, 552 U.S. at 51. "Substantive reasonableness review entails taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'" *United States v. Pauley*, 511 F.3d 468, 473 (4th Cir. 2007) (quoting *Gall*, 552 U.S. at 51). Even if this Court would have imposed a different sentence, "this fact alone is 'insufficient to justify reversal of the district court.'" *Id.* at 474 (quoting *Gall*, 552 U.S. at 51). We apply a presumption on appeal that a sentence within or below a properly calculated Guidelines range is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Here, the district court properly calculated and considered the applicable Guidelines range and heard argument from counsel and allocution from Gillespie. Although the PSR, which the court adopted, calculated a higher sentencing range, the court adopted the stipulations in the plea agreement and applied a lower range. In imposing the sentence, the court explicitly considered the majority of the statutory factors, including the circumstances of the crime, deterrence and just punishment. The court was particularly concerned about the seriousness of the crime and referred to the destructive nature of methamphetamine to individuals, family, and society. While the court did not specifically mention that Gillespie had been helpful and supportive to his neighbors and friends, the court did acknowledge his educational background, his age, and his employment history.

While the district court did not directly address every fact raised by Gillespie, we find that the court's detailed reasoning did not contain procedural error. *See United*

5

*States v. Helton*, 782 F.3d 148, 154 (4th Cir. 2015) ("To require more explanation would unnecessarily intrude upon the district court's primary and unique role in the sentencing process."). Further, while Gillespie contends that his sentence was substantively unreasonable because the district court relied too heavily on his criminal history, the record shows that the court also considered the nature and circumstances of Gillespie's very serious crimes, the need to protect society, and other factors. Moreover, the court rejected the PSR's recommendation for an upward departure and, in fact, applied the lower stipulated Guidelines range, despite the fact that the drugs involved in the offense would have supported a higher base offense level. Thus, Gillespie's sentence was substantively reasonable. *See id.* at 155 ("It would be almost unprecedented to credit a defendant's challenge to a sentence as substantively unreasonable when the district court actually reduced the term of imprisonment below the recommended Guidelines range.").

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This Court requires that counsel inform Gillespie, in writing, of his right to petition the Supreme Court of the United States for further review. If Gillespie requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gillespie. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

*AFFIRMED*